UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBERT G. CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>R. MCFADDEN-JENSEN, et al.,<br><br>Defendants. | No. 2:18-cv-0613 TLN CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has paid the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court has conducted the required screening and finds that plaintiff has improperly joined claims and defendants. Under Rules 18 and 20 of the Federal Rules of Civil Procedure, plaintiff may include in a pleading any claim he may have against a particular defendant. However, claims against other defendants must arise from the same transaction, occurrence or series of transactions or occurrences as a claim against the first defendant. Plaintiff's complaint does not comply with this requirement. Accordingly, plaintiff's complaint will be dismissed with leave to file an

/////

1

amended complaint that does comply with rules regarding joinder in the Federal Rules of Civil Procedure.

As to the contents of an amended complaint, plaintiff is informed that he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). For example, in order to state a claim against a warden or former warden such as Warden Lizarraga, the allegations must show that the warden was personally involved in a deprivation of rights. Simply being a warden of a prison where a violation occurred is not enough for liability.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

/////

/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: July 22, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cham0613.14