UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMBERT G. CHAMBERS,

    Plaintiff,

v.

R. MCFADDEN-JENSEN,

    Defendant.

No. 2:18-cv-0613 TLN CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is appearing pro se and in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). Plaintiff's amended complaint (ECF No. 20) is before the court for screening.

The court finds that this case may proceed against defendant Amber for his failure to protect against inmate violence claim arising under the Eighth Amendment. With respect to the other defendants identified in plaintiff's amended complaint, the facts alleged fail to state

actionable claims. Plaintiff has two options: 1) he may proceed on the claim described above against defendant Amber; or 2) make a final attempt to cure the deficiencies in his complaint with respect to the other defendants.

In deciding whether to file an amended complaint, plaintiff should consider the following:

1. The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825 (1994). A claim based on deliberate indifference to health or safety has two elements. First, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, the inmate must show he was injured as a result of a defendant's "deliberate indifference" to that risk. Id. Under the deliberate indifference standard, plaintiff must demonstrate prison officials knew he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. Id. at 847.

2. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that if he elects to amend the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on a claim against defendant Amber for failure to protect against inmate violence arising under the Eighth Amendment or whether he wishes to file a second amended complaint in an attempt to cure the deficiencies with respect to his claims against the other defendants. If plaintiff

does not return the form, this action will proceed on the claim described above against defendant Amber, and the court will recommend that the other defendants be dismissed.

Dated: February 19, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cham0613.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBERT G. CHAMBERS,<br><br>  Plaintiff,<br><br>  v.<br><br>R. MCFADDEN-JENSEN, et al.,<br><br>  Defendants. | No. 2:18-cv-0613 TLN CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim for failure to protect against inmate violence arising under the Eighth Amendment against defendant Amber.

\_\_\_\_\_ Plaintiff wants time to file a second amended complaint.

DATED:

_____
Plaintiff